# United States District Court
## District of New Mexico

### Document Verification

| | |
|---|---|
| **Case Title:** | Ferrera-Narvize v. USA |
| **Case Number:** | 05cv00227   Cr 04-838 |
| **Office:** | |

#### Document Information

**Number:** 6

**Description:** MEMORANDUM, OPINION, AND ORDER: by Senior Judge C. LeRoy Hansen dismissing movant's 2255 motion w/prejudice [1-1] (cc: all counsel)*

**Size:** 3 pages (13k)

**Date Received:** 05/12/2005 09:26:10 AM   **Date Filed:** 05/12/2005   **Date Entered On Docket:** 05/12/2005

#### Court Digital Signature    View History

93 21 1d dd 2f ba c9 77 0a 0d ea d0 fe 5e 20 d5 98 6e a3 da 08 29 0d 1a c0 b6 d6 5c 8d b5 65 1c 88 87 99 78 af 14 04 ed 7a ad 0d 99 7f a5 67 76 42 be d5 f1 6b b9 d4 c4 40 fc 9d 4c 85 03 2d b7 c9 49 cc 61 e5 9f 9c fa fd 97 11 de 18 45 5b 51 76 20 d2 b8 2d 46 9b cf 84 1e f3 a9 8c b9 81 01 64 bb ff 43 24 81 75 df e6 a6 26 47 c2 cd 46 d3 58 ed b4 54 2b f2 0e 7b 59 66 f3 2d ab 04 2b 1d

#### Filer Information

**Submitted By:** Debbie MacDonald

**Comments:** MEMORANDUM OPINION AND ORDER by Senior Judge C. LeRoy Hansen dismissing with prejudice Defendant's motion to vacate, set aside, or correct sentence filed February 28, 2005.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Thursday, May 12, 2005*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             No. CV-05-0227 LH/WPL
                                CR-04-838 LH

HECTOR FERRERA-NARVIZE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 18) filed February 28, 2005. Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony. 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). He was sentenced to 57 months of imprisonment, in part as a result of the prior aggravated felony conviction. § 1326(b)(2). Defendant did not appeal his conviction or sentence. In his § 2255 motion, Defendant claims the Court illegally enhanced his sentence based on prior convictions. He also asserts his attorney provided ineffective assistance by allowing him to plead guilty under an unconstitutional sentencing system. He does not deny that he was previously deported after committing an aggravated felony.

Defendant's claims are raised under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005); *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004); and *Almendarez-Torres v. United*

*States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions. *See Almendarez-Torres*, 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized, *see Shepard v. United States*, 544 U.S. ---, ---, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), but not overruled, *see United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 (10th Cir. Apr. 11, 2005). Furthermore, this sentencing claim is barred under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 530 U.S. at 490; *see also United States v. Soto-Ornelas*, 312 F.3d 1167, 1170 (10th Cir. 2002). Neither *Blakely* nor *Booker* overrules the "prior conviction" exception to the *Apprendi* rule. *See, e.g., Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant"). Defendant's sentence does not violate the Constitution.

Defendant contends his attorney provided ineffective assistance by failing to raise *Blakely* and *Almendarez-Torres* issues. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). First, the Clerk's minutes indicate that counsel raised *Blakely* issues at sentencing. (CR Doc. 16.) And, as noted above, Defendant's arguments under *Blakely* and *Almendarez-Torres* are unavailing. He was not

2

prejudiced even if his attorney failed to make these arguments, and this claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 18) filed February 28, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

                                                                                             _____

                                                                                   SENIOR UNITED STATES DISTRICT JUDGE